## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

YVONNE ORIAKU,

    Plaintiff,

    v.

INOVALON, INC.,

    Defendant.

Civil Action No. 24-2674-TDC

## MEMORANDUM ORDER

In this case, Plaintiff Yvonne Oriaku has filed a Motion to Vacate the Arbitration Award, ECF No. 58, and Defendant Inovalon, Inc. ("Inovalon") has filed a Motion to Confirm the Arbitral Award and Objection to Plaintiff's Petition to Vacate the Arbitration Award, ECF No. 59. After this Court granted a Motion to Compel Arbitration, on September 10, 2025, the arbitrator awarded Inovalon $17,190 for violations of the Defend Trade Secrets Act ("DTSA") and Maryland Uniform Trade Secrets Act ("MUTSA"), $25,784 in sanctions for Oriaku's failure to respond to discovery requests, and post-award interest at the statutory rate until paid in full. Arbitrator's Final Order and Award at 5–6, ECF No. 59-2. The Motions are now ripe for disposition, and the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Inovalon's Motion to Confirm the Arbitral Award will be granted, and Oriaku's Motion to Vacate the Arbitration Award will be denied.

## DISCUSSION

### I.    Motion to Vacate the Arbitration Award

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, provides that:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

*Id.* § 9.

The FAA also provides that "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "[O]nce the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm." *Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 177 (4th Cir. 2007) (quoting *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)). If a party does not move for confirmation within the three-month period, it cannot seek vacatur of the award "unless there was pending in the district court a timely-filed motion to vacate or unless a tolling or due diligence exception operated to excuse his failure to make a timely motion." *Id.* (quoting *Taylor*, 788 F.2d at 225).

The arbitrator delivered a copy of the Arbitrator's Final Order and Award to the parties on September 10, 2025. Therefore, a motion to vacate that award had to be filed before December 10, 2025. *See* 9 U.S.C. § 12. Because Oriaku did not file her Motion to Vacate the Arbitration Award until February 10, 2026, and she has offered no arguments that would warrant a tolling of the deadline, the Court will deny Oriaku's Motion to Vacate the Arbitration Award as time-barred.

## II.  Motion to Confirm the Arbitral Award

Because Inovalon's Motion to Confirm the Arbitral Award was filed on February 16, 2026, within one year of the issuance of the Arbitrator's Final Order and Award, it was timely filed. *See* 9 U.S.C. § 9.

Judicial review of an arbitration award is "severely circumscribed." and, in fact, is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the FAA, or if the arbitrator acted in manifest disregard of law. *Id.* Section 10 of the FAA limits review to the following grounds: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption" on the part of the arbitrators; (3) "the arbitrators were guilty of misconduct" by which "the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers." 9 U.S.C. § 10(a). A misinterpretation of a contract, or of law, does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award. *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

Here, Inovalon sought, and the arbitrator awarded damages for, alleged violations of the DTSA and the MUTSA, as well as sanctions for Oriaku's failure to respond to discovery requests. Oriaku's Employment Agreement provides that "any dispute arising out of this Agreement, Employee's employment with Employer, the termination of that employment, or whether the parties have agreed to arbitrate a particular claim," and "all claims and rights that the Employee may have against Employer arising out of the employment relationship with Employer, including

but not limited to all statutory claims arising out of the employment relationship or its termination," are subject to arbitration. Employment Agreement § 7.1(b), Mot. Vacate Arbitration Award Ex. A, ECF No. 58-1; Mot. Confirm Arbitral Award Ex. 5, ECF No. 59-5. The Court finds that the claims resolved by arbitration were within the scope of the parties' agreement and that the record does not demonstrate that any of the limited grounds for setting aside an arbitration award are present in this case. *See* 9 U.S.C. § 10(a). Accordingly, the Court will grant the Motion to Confirm the Arbitral Award to the extent it seeks confirmation of the arbitrator's award of $42,974, consisting of $17,190 for Oriaku's alleged violations of the DTSA and MUTSA, as well as $25,784 in sanctions for Oriaku's failure to respond to discovery requests.

To the extent that Inovalon also requests post-judgment interest for the time period following the confirmation of the arbitrator's award, Inovalon is entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Oriaku's Motion to Vacate the Arbitration Award, ECF No. 58, is DENIED.

2. Inovalon's Motion to Confirm the Arbitral Award, ECF No. 59, is GRANTED.

3. The Court confirms the arbitration award, enters judgment in favor of Inovalon and against Oriaku in the amount of $42,974, which shall accrue post-judgment interest as specified by statute.

4.  The Clerk shall close this case.


Date:  June  16 , 2026

THEODORE D. CHUANG
United States District Judge